UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| Jon Edda Curley, | Case No. 2:16-cv-468 |
| Plaintiff, | Judge Michael H. Watson |
| vs. | Magistrate Terence P. Kemp |
| Manley Deas Kochalski LLC, | **MEMORANDUM OF DEFENDANT MANLEY DEAS KOCHALSKI LLC OPPOSING PLAINTIFF CURLEY'S MOTION FOR LEAVE TO AMEND** |
| Defendant. | |

Now comes defendant Manley Deas Kochalski LLC ("MDK"), by and through undersigned counsel, and respectfully opposes the motion of plaintiff Jon Edda Curley ("Curley") for leave to amend her first amended complaint ("motion for leave"). (ECF No. 16.)

Curley's motion for leave to amend should be denied because her proposed amendments would be futile. As with her prior two pleadings, Curley's proposed second amended complaint ("SAC") does not state a claim upon which relief can be granted against MDK. As with her prior pleadings, Curley does not allege that she is a "consumer" in relation to a "debt" that falls within the FDCPA. Specifically, she does not allege any facts in her SAC to indicate that she is obligated on a consumer debt or that MDK ever alleged that she was. Accordingly, this Court should deny Curley's motion for leave and grant MDK's currently pending motion to dismiss Curley's first amended complaint.

**Facts**

On May 6, 2016, Curley filed her complaint against MDK in the Franklin County, Ohio

Court of Common Pleas.  (ECF No. 2.)  On May 27, 2016, MDK removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  (ECF No. 1.)  Curley's claims against MDK were made purely under federal law, specifically under the federal Fair Debt Collections Practices Act ("FDCPA") at 15 U.S.C. § 1692 *et seq*.  (Compl., ECF No. 2.)

In general, Curley alleged that MDK was a law firm debt collector who had filed two foreclosure actions against Curley in the Franklin County Court of Common Pleas on behalf of its client, Wells Fargo Bank, N.A. ("Wells Fargo").  (Id., ¶¶ 8 (Case No. 13CV007333, hereinafter, "the first foreclosure action") & 13 (Case No. 15CV003904, hereinafter, "the second foreclosure action").)  In the first foreclosure action, Curley alleged that she had obtained summary judgment against Wells Fargo on grounds that Wells Fargo had failed to satisfy certain pre-foreclosure regulations promulgated by the federal Department of Housing and Urban Development ("HUD") for mortgage loans insured by the Federal Housing Administration ("FHA").  (Id., ¶ 10 & Dec. and Entr. Denying Wells Fargo Mot. Sum. J. & Dec. & Entr. Granting Curley Cross-Mot. Summ. J. (hereinafter, the "Summary Judgment Entry"), attached thereto as Exhibit 5.)  These pre-foreclosure regulations require that mortgagees of FHA loans provide notice to mortgagors when their mortgage loans are in default and to "have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting before three full monthly installments due on the mortgage are unpaid."  24 C.F.R. §§ 203.602 & 203.604; (*see* ECF No. 2, at Exhibit 5, attached thereto, PageID #62-63).

Curley further alleged that MDK had filed the second foreclosure action on behalf of Wells Fargo alleging that Wells Fargo had satisfied conditions precedent when, "[o]utside of the court process, Wells Fargo has not had a face-to-face meeting with Ms. Curley."  (Compl., ¶ 11.)  Curley alleged in her complaint that MDK had violated three provisions of the FDCPA when it

filed the foreclosure complaint in the second foreclosure action on behalf of Wells Fargo, including Section 1692d, prohibiting a debt collector from engaging in harassment or abuse; Section 1692e, prohibiting a debt collector from making false or misleading representations; and Section 1692f, prohibiting a debt collector from engaging in unfair practices.  (Id., ¶ 18.)

However, Curley did not allege that she was obligated to repay the relevant mortgage loan.  Nor did Curley allege that MDK or Wells Fargo had ever claimed that she was obligated to repay the mortgage loan.  Instead, Curley alleged that her mother, non-party Mary Richardson ("Richardson"), was obligated on the relevant mortgage loan, having executed the relevant promissory note and mortgage on March 16, 2006 without Curley's involvement.  (Compl., ¶¶ 1-2 & Exhibits 1 (Note) & 2 (Mortgage), attached thereto.)  Curley did not allege the purpose of the loan proceeds either.

According to the complaint, Curley's involvement with the relevant mortgage loan did not occur until at least August 27, 2012 when Richardson recorded an affidavit under which the mortgaged property would transfer to Curley upon Richardson's death.  (Id., at Exhibit 3, attached thereto.)  Richardson died on October 17, 2012, and Curley subsequently recorded an affidavit confirming that she was the surviving beneficiary under Richardson's transfer on death affidavit.  (Id., Exhibit 4, attached thereto.)  Curley did not make any allegations that she had assumed Richardson's mortgage loan and did not attach any documents to that effect.  Nor did Curley allege that she had kept the mortgage loan current.  Instead, she alleged that the mortgaged property was in foreclosure by July 3, 2013.  (Compl., ¶ 8.)

To respond to Curley's original complaint, MDK filed a motion to dismiss under Rule 12(b)(6).  (ECF No. 10)  MDK argued that Curley had not alleged facts to establish a prima facie case under the FDCPA.  (Id.)  Specifically, MDK argued that Curley had not alleged facts to

indicate that she was a "consumer" in relation to a "debt" that falls within the FDCPA.  (Id.)  Additionally, MDK argued that Curley had not alleged facts to indicate that MDK had violated any provision of the FDCPA set forth in Curley's original complaint.  (Id.)  In particular, Curley had not alleged that MDK had engaged in a materially false, deceptive, or misleading representation under Section 1692e.  (Id.)

Instead of opposing MDK's motion to dismiss, Curley filed an amended complaint as a matter of course under Rule 15(a)(1)(B).  (ECF No. 12.)  Curley's amended complaint contained seven additional paragraphs and revisions of three others.  (Id., ¶¶ 1, 5-6, 8, 14-15, 19, 23, and 25.)  Four of the new paragraphs Curley included in her amended complaint related either to this Court's subject matter jurisdiction or to HUD, the FHA, and the National Housing Act of 1934.  (Id., ¶¶ 1, 5-6 & 8.)  Otherwise, Curley revised a paragraph describing how Curley acquired an interest in the mortgaged property to state that she became "the owner of the property in fee simple."  (Id., ¶ 14.)  Curley further alleged that she "lives in, and uses the property as her personal residence."  (Id., ¶ 15.)  However, Curley made no allegations about the purpose of the relevant mortgage loan proceeds.

At the same time, Curley alleged not only that MDK had violated the FDCPA when it had "claim[ed] that 'conditions precedent' had been met" in the second foreclosure action but also when MDK claimed "that the entire amount of the note was due and owing."  (Id.)  Nevertheless, Curley stopped short of alleging that MDK had ever claimed that she was personally obligated for the sums due and owing on the note.  Nor did Curley attach a copy of the foreclosure complaint in the second foreclosure action, which contains no such allegation against Curley.  (ECF No. 13, Mot. Dismiss First Amend. Compl., at Exhibit 2, attached thereto.)  Instead, Curley was merely named as a defendant in the second foreclosure action to the extent

that she held an interest in the mortgaged property, not because she has any interest in or obligation to repay the mortgage loan debt.  (Id.)  Nor did Curley make any allegation herself that she was obligated to repay the mortgage loan debt.

MDK responded by filing a motion to dismiss Curley's first amended complaint, making substantially the same arguments in its motion to dismiss Curley's original complaint.  (ECF No. 13.)  MDK argued that it could not be held liable under the FDCPA on Curley's complaint because Curley had failed to allege facts to indicate that she was "consumer" in relation to a "debt" under the FDCPA, and further because she had not alleged facts to indicate that MDK had violated the FDCPA.  (Id.)

However, instead of opposing MDK's motion to dismiss, Curley responded by moving for leave to amend its complaint a second time.  (ECF No. 16.)  Curley filed her motion for leave for the purpose of "clarify[ing] that both herself, and Mary Richardson, the original purchaser of the property at issue, used to property [sic] as a personal residence, for only personal, family, and household purposes."  (Id., at 1.)

As in her first amended complaint, Curley alleged in the SAC not only that MDK had violated the FDCPA when it had "claim[ed] that 'conditions precedent' had been met" in the second foreclosure action but also when MDK claimed "that the entire amount of the note was due and owing."  (SAC, ¶ 25.)  Nevertheless, Curley stopped short again of alleging that MDK had ever claimed that she was personally obligated for the sums due and owing on the note. Curley did not make any allegations to indicate that she was obligated on any debt under the FDCPA or that MDK had ever alleged that she was.

-5-

**Law and Argument**

    **I. Legal Standards.**

        **a. Standard for relief under Rule 15(a)(2).**

Under Rule 15(a)(2), a party may amend its pleading through leave of court "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). As a general rule, a motion for leave to amend a pleading will be granted "in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment." *Amos v. PPG Indus.*, No. 2:05-cv-70, 2014 U.S. Dist. LEXIS 18420, *10 (S.D. Ohio Feb. 13, 2014) (citing *Foman*, 371 U.S. 178).

At the same time, however, additional factors may apply to deny a party leave to amend a pleading. *Id.*, at * 12. These would "include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility." *Id.* (citing *Robinson v. Michigan Consolidated Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).

        **b. Standard for relief under Rule 12(b)(6).**

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will survive a motion to dismiss if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Handy-Clay v. City of Memphis, Tennessee*, 695 F.3d 531, 538 (6th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). However, the complaint must thus "contain either direct or inferential allegations respecting ***all material elements*** to sustain a recovery under some

viable legal theory." *Id*. (quoting *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (emphasis supplied)).

To determine whether the complaint contains a plausible basis for relief, all factual allegations are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Id*. However, legal conclusions are not entitled to be accepted as true, nor are "unwarranted factual inferences." *Id*. (citing *Twombly*, 550 U.S. at 555; *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

   **c. Standard for relief for claims under the FDCPA.**

To state a claim for relief under the FDCPA, the plaintiff must allege sufficient facts to support the following material elements: (i) the plaintiff is a "consumer" under the FDCPA; (ii) the "debt" arises out of a transaction for "primarily . . . personal, family or household purposes"; (iii) the defendant is a "debt collector" under the FDCPA; and (iv) the defendant violated the FDCPA's prohibitions against specific forms of "debt collection communication and/or activity." *Wallace v. Manley Deas Kochalski LLC*, Case No. 3:13-CV-0003-H, 2013 WL 3338687, at *2 (W.K. Ky. July 2, 2013) (citing *Wallace v. Wash. Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012)).

**II. Curley has not alleged facts to indicate that she is a "consumer" in relation to a "debt" that falls within the FDCPA.**

Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. . . ." 15 U.S.C. § 1692a(5). A "consumer" is "any natural person *obligated or allegedly obligated* to pay any debt." 15 U.S.C. § 1692a(3) (emphasis supplied).

In the SAC, Curley merely alleges that she "is a natural person residing in Columbus, Franklin County Ohio." (Amend. Compl., ¶ 2.) She does not allege, even in conclusory form,

-7-

that she is "obligated or allegedly obligated to pay any debt," and alleges no facts in support. Instead, Curley alleges that Richardson signed the relevant note and mortgage, not she. (Id., ¶¶ 9-10.)  Nor does Curley allege any facts to indicate that she assumed the mortgage loan upon Richardson's death or that MDK had ever alleged that she was obligated to pay it.

For these reasons, this Court should deny Curley's motion for leave.  After three pleadings, Curley has not alleged facts to satisfy an element necessary for her to state a claim against MDK.

Correspondingly, this Court has granted a debt collector's Rule 12(b)(6) motion to dismiss a plaintiff's complaint under the FDCPA when the plaintiff fails to allege facts to indicate the plaintiff is a "consumer[] in relation to the debt which is the subject of the foreclosure action." *Estep v. Manley Deas Kochalski LLC*, 942 F. Supp. 2d 758, 767 (S.D. Ohio 2013), *aff'd*, 2014 U.S. App. LEXIS 1052 (6th Cir. 2014).

In *Estep*, the plaintiffs had alleged that "they reside at the premises" encumbered by a mortgage loan.  *Id.*  Nevertheless, "they ha[d] not alleged that they incurred the debt to purchase the property primarily for personal, family, or household purposes, as opposed to some other purpose, such as for a business investment."  *Id.*  This Court also held in *Estep* that the plaintiffs' conclusory allegation that they were "consumers" in the abstract was insufficient as a matter of law for them to satisfy the "consumer" element of their FDCPA claims.  *Id.*

In this action, Curley's allegations miss the mark even more than the plaintiffs' allegations did in *Estep*.  In fact, Curley pleads herself out of court when she expressly alleges that it was Richardson who borrowed the funds, and not she.  Nor does Curley allege any facts to indicate that MDK ever claimed that she was obligated to repay the mortgage funds.  Further, as in *Estep*, Curley merely alleges that she is a "consumer" in the abstract and that she resides in the

property, but without ever alleging any facts to indicate that she was under an obligation to repay the loan proceeds.

**Conclusion**

For the foregoing reasons, this Court should deny Curley's motion for leave.  Despite that she has attempted to amend her complaint a second time, her proposed amendments are futile. Even after three pleadings, Curley has not alleged facts to indicate that she is a consumer in relation to a debt that falls within the FDCPA.

Respectfully submitted,

/s/ Matthew J. Richardson
Matthew J. Richardson (0077157)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
mjr2@manleydeas.com
Telephone: 614.220.5611
Facsimile: 614.917.1795
*Attorney for Defendant MDK*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy was served electronically through this Court's ECF filing system under Local Rule 5.2(b) and Rule 5(b)(2)(E) on this 13th day of September, 2016.

/s/ Matthew J. Richardson
Matthew J. Richardson (0077157)