**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JON EDDA CURLEY, | ) | |
| | ) | Case No. 2:16-cv-468 |
| Plaintiff, | ) | |
| | ) | JUDGE WATSON |
| vs. | ) | MAGISTRATE KEMP |
| | ) | |
| MANLEY DEAS & KOCHALSKI, LLC, | ) | **REPLY IN SUPPORT OF** |
| | ) | **MOTION FOR LEAVE TO** |
| Defendant. | ) | **FILE SECOND AMENDED** |
| | ) | **COMPLAINT** |

Plaintiff Jon Edda Curley requests, that this Court grant her Motion for Leave to File Second Amended Complaint for the reasons stated below.

**MEMORANDUM**

Ms. Curley filed a claim against Defendant Manley Deas & Kochalski, alleging that Defendant, on behalf of Wells Fargo Bank ("Wells Fargo") filed a second foreclosure complaint against her, after the common pleas court ruled in her favor in the first case. *See* Motion for Leave to Amend (Doc. #16), Exhibit A.[1] In the second case, Defendant again argued that the conditions precedent to filing the foreclosure had been met. Amended Complaint (Doc. #14), Exhibit 6, ¶5. However, despite the briefing in the first case, where Wells Fargo could not provide proof that it sent any of the required notices to Ms. Curley, and the common pleas court's previous ruling, Defendant filed the second case for Wells Fargo.

Defendant states that it "relied on different facts in the second action to argue that Wells

---

[1] In order to brief Defendant's "futility" argument, it should be assumed that this Motion for Leave has been granted, and the Second Amended Complaint has been filed.

–1–

Fargo had satisfied conditions precedent." Motion to Dismiss (Doc. #13), 16. However, Defendant only states that it made a different argument regarding the face-to-face meeting. *Id*., 5. It does make any argument as to whether the notices required by 24 C.F.R. §203.602 were sent, or how its claims in the second case differ from the first case on that issue.

Defendant opposes Ms. Curley's request to amend her Complaint purely on the grounds that it believes an amendment would be futile. *See* Memo Contra Motion to Amend (Doc #19), 6. Defendant makes no allegation of prejudice or undue delay. Defendant is arguing that its Motion to Dismiss would be granted anyway, and therefore whether or not Ms. Curley amends her Complaint has no bearing on the outcome of this case. In essence, Defendant is arguing its Motion to Dismiss inside of the argument for and against Ms. Curley's Motion for Leave. Whether or not this amended would be futile should be decided in response to Defendant's Motion to Dismiss. However, Ms. Curley will respond to Defendant's futility argument in this Reply.

I. MS. CURLEY IS A CONSUMER IN RELATION TO THIS DEBT

The Fair Debt Collection Practices Act defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes" 15 U.S.C. 1692a(4). Defendant claims that if Ms. Curley is not a consumer in relation to this debt, then she is not entitled to the protections of the FDCPA. *See* Motion to Dismiss (Doc. #13), 13. However, this is not the proper analysis.

Ms. Curley received title to the property in question through a transfer upon death deed. *See* Motion for Leave to Amend (Doc. #16), Exhibit A, ¶14-15. Therefore, the property Wells Fargo, through Defendant, attempted to foreclose is Ms. Curley's property. *Id*. The purpose of the foreclosure action, despite not directly asking for monetary damages, was to have the property sold

at a sheriff's sale. *See* Amended Complaint (Doc. #14), Exhibit 6, ¶15. A "debt collector" under the FDCPA is anyone who collects a debt "directly or indirectly" for another. 15 U.S.C. 1692a(6); *Kistner v. Law Offices of Michael P. Margelefsky*, LLC, 518 F.3d 433, 436 (6th Cir.2008). "That Congress intended the FDCPA to apply to home mortgages is evident not just from the Act's broad language but also from its legislative history." *Alaska Trustee, LLC v. Ambridge*, 372 P.3d 207, 213 (Alaska 2016).

At the time the debt was incurred, Ms. Curley's mother was a consumer.[2] Ms. Curley's mother, therefore met the definition of consumer in 15 U.S.C. 1692a(3). Additionally, that means that the debt met the definition of "debt" in 15 U.S.C. 1692a(4). This is the debt that Defendant was trying to collect when it committed the conduct that Ms. Curley complains of in this case.

The lack of payment of the mortgage allows Wells Fargo to foreclose on Ms. Curley's home. "[E]very mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (i.e., forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 461 (6th Cir.2013). In other words, if the mortgage is not paid, Ms. Curley was "obligated" to pay, through the proceeds of the sale of her home. "[A]*ny* type of mortgage foreclosure action, even one not seeking a money judgment on the unpaid debt, is debt collection under the Act." *Id*., 462 (emphasis in original).

"[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Estep v. Manley Deas Kochalski, LLC*, 552 Fed.Appx. 502, 505 (6th Cir.2014), *quoting Grden v. Leikin Ingber &*

---

2 This is the issue that would be cleared up by Ms. Curley's proposed amendment to the Complaint.

*Winters PC*, 643 F.3d 169, 173 (6th Cir.2011). This Court has stated that "the animating purpose of [a] foreclosure action" is to induce the defendants to pay the bank, "at least in part, on the unpaid note." *Hagy v. Demers & Adams, LLC*, S.D.Ohio No. 2:11-cv-530, 2013 WL 434053, *8.

Ms. Curley is a "consumer" by the strict definition contained in the FDCPA. She is "obligated" to pay the debt in the note, through the proceeds of the sale of her home.

II.       EVEN IF MS. CURLEY IS NOT A CONSUMER, HER FDCPA CLAIM IS STILL VALID

A private right of action under the FDCPA is available not only to the "consumer," but in certain cases to "any person" adversely affected by an FDCPA violation. *See, e.g., Villarreal v. Snow*, N.D.Ill. No. 95 C 2484, 1996 WL 28308. (individual who was not actually obligated on a note, but had signed as owner of the collateral for a loan, and was an addressee of the deceptive dunning letter had a valid FDCPA claim). FDCPA provisions protect not just consumers, but anyone affected by violations occurring during the collection of consumer debts. Therefore, friends, relatives, neighbors, or an employer, even though not obligated or alleged to be obligated on a debt, may bring FDCPA claims. *See, e.g., Heard v. Bonneville Billing & Collections*, 216 F.3d 1087 (10th Cir.2000) (table opinion); *West v. Costen*, 558 F. Supp. 564 (W.D.Va.1983) (consumer's mother); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204 (N.D.Ga.1981) (parents); *and Flowers v. Accelerated Bureau of Collections, Inc.*, N.D.Ill. No. 96 C 4003, 1997 WL 136313 (spouse); *and Wright v. Fin. Serv. Inc.*, 996 F.2d 820 (6th Cir.1993), *aff'd en banc*, 22 F.3d 647 (6th Cir.1994) (estate).

The specific provisions of the FDCPA that Ms. Curley claimed were violated do not, by the plain language of the sections, require that Ms. Curley be a consumer. *See* 15 U.S.C. 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in

connection with the collection of any debt…); *and* 15 U.S.C. 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…")

Defendant cites cases from both this Court and the 6th Circuit for the proposition that Ms. Curley must be a consumer, as defined by the FDCPA, to be entitled to FDCPA protection. *See* Motion to Dismiss (Doc. #13), 10, 13-14; *and* Memo in Opposition to Motion for Leave to Amend (Doc. #19), 7-8, *citing Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323 (6th Cir.2012), *and Estep v. Manley Deas Kochalski, LLC*, 942 F.Supp.2d 758 (S.D.Ohio 2013), *aff'd* 552 Fed.Appx. 502 (6th Cir.2013). However, these cases are not applicable to the facts at issue here. In *Estep*, this Court ruled that there was no allegation that there was any "consumer" at all in relation to the debt. *Estep*, 767. In *Wallace*, whether or not the plaintiff was a consumer was not at issue. *Wallace*, 326. Similarly, Plaintiff cites to *Wallace v. Manley Deas Kochalski LLC*, W.D.Ky. No. 3:13-CV-00031-H, 2013 WL 3338687, *2. *See* Motion to Dismiss (Doc. #13), 10; *and* Memo in Opposition to Motion for Leave to Amend (Doc. #19), 7. In that case, as well, whether or not the plaintiff was a consumer was not at issue. While these cases stand for the general proposition that a consumer must be involved in the transaction that led to the collection activity, they do not discuss whether a non-consumer can bring an FDCPA claim in relation to a consumer debt.

"[T]he FDCPA as a whole does not limit recovery to 'consumers.' Unless specified otherwise within a given subsection, the FDCPA 'imposes liability where a debt collector has failed to comply with the Act with respect to 'any person.'" *Midland Funding, L.L.C. v. Stowe*, 7th Dist. No. 08 CO 32, 2009-Ohio-7084, ¶28, *quoting Dutton v. Wolhar*, 809 F.Supp. 1130, 1134 (D.Del.1992), *aff'd*, 5 F.3d 649 (3rd Cir.1993); *and* 15 U.S.C. 1692k(a). Sections 1692e and 1692f do not, generally, limit claims only to those made by a "consumer." *Id*.

This Court has stated that plaintiffs do indeed have standing to assert claims under 15

–5–

U.S.C. 1692e even when they are not consumers. *Maddox v. Martin Co., LLC*, No. 3:04-cv-289, 2006 WL 1308211 (S.D.Ohio), *2, *citing Wright v. Finance Service of Norwalk*, 22 F.3d 647 (6th Cir.1994); *see also Hicks v. America's Recovery Solutions, LLC*, 816 F.Supp.2d 509, 514 (N.D.Ohio 2011) ("Since consumers are not the only people protected by § 1692e, the fact that Mary may not be a consumer is not relevant for this claim.") The 6th Circuit explained it thusly:

> As an initial matter, both Huntington Bank and Silver Shadow contend that Montgomery lacks standing to pursue this litigation because he is not a "consumer" as defined by the FDCPA. As the Defendants see it, it was Smith, not Montgomery, who entered into the personal loan agreement with Huntington Bank for the purchase of the BMW, and, thus, it is Smith who is the real party in interest. Although the Defendants' assertion is correct for one of Montgomery's claims, the Defendants' standing analysis—more precisely its lack thereof—erroneously collapses the entire standing inquiry under the FDCPA into whether a particular plaintiff is a "consumer," completely ignoring that other sections of the FDCPA are either expressly available, or have been interpreted to be available, to "any person" aggrieved under the relevant statutory provision…
>
> § 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. When read in conjunction with § 1692k(a), this means that "*any aggrieved party* may bring an action under § 1692e." Accordingly, the Defendants are mistaken to suggest that Montgomery lacks standing to pursue his claims under §§ 1692d and 1692e. However, the Defendants are correct that he lacks standing under § 1692c, as he is not a consumer for purposes of the FDCPA.

*Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir.2003) (emphasis in original) (internal citations omitted).

    Ms. Curley is a "consumer" as defined by the FDCPA. However, her status as a consumer is irrelevant to her claims under 15 U.S.C. 1692e and 1692f. For this reason, Ms. Curley has stated a claim that is plausible on its face. *See Vehr v. Ohio Dept. of Parks Recreation Wildlife*, S.D.Ohio No. 2:13-cv-836, 2013 WL 4679073, *1, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, if Ms. Curley is allowed to amend her Complaint, Defendant's Motion to Dismiss

would not be granted, and Ms. Curley's amending of her Complaint would not be futile.

WHEREFORE, Defendant respectfully asks this Court to grant her leave to file a Second Amended Complaint.

Respectfully submitted,

THE LEGAL AID SOCIETY OF COLUMBUS


  /s/ Scott Torguson
Scott E. Torguson (0078647)
1108 City Park Avenue
Columbus, OH 43206
614.224.8374
614.224.4514 (fax)
storguson@columbuslegalaid.org
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Reply in Support of Motion for Leave to File Second Amended Complaint was served upon the following persons by uploading to the Court's ECF system, pursuant to Local Rule 5.2(b) and Fed. R. Civ. P. 5(b)(2)(E), this 4th day of October, 2016:

> Matthew Richardson
> MANLEY DEAS KOCHALSKI
> Attorney for Plaintiff

  /s/ Scott Torguson
Scott E. Torguson
Attorney for Plaintiff
