## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| Jon Edda Curley, | Case No. 2:16-cv-468 |
| **Plaintiff,** | Judge Michael H. Watson |
| vs. | Magistrate Terence P. Kemp |
| Manley Deas Kochalski LLC, | **MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |
| **Defendants.** | |

Now comes defendant Manley Deas Kochalski LLC ("MDK"), by and through undersigned counsel, and respectfully moves this Court under Fed. R. Civ. P. 12(b)(6) to dismiss the second amended complaint ("SAC") of plaintiff Jon Edda Curley ("Curley") against MDK. (ECF No. 24.)

Recently, Curley amended her complaint for a second time after MDK had filed motions to dismiss her original and amended complaints under Rule 12(b)(6).  (ECF Nos. 10 & 13.) However, Curley's SAC does not state a claim upon which relief can be granted either.  Again, Curley alleges no facts to indicate that she is a "consumer" in relation to a "debt" that falls within the FDCPA.

Furthermore, Curley does not allege facts to indicate that MDK committed any violation of the FDCPA.  Curley incorrectly claims that MDK committed violations of Sections 1692e and 1692f of the FDCPA.  However, as this Court has previously found, a law firm debt collector has

not violated the FDCPA when the firm merely makes colorable arguments in a foreclosure action that its client had satisfied conditions precedent to foreclosure.  As such, Curley alleges no facts to indicate that MDK made any materially false or misleading representations, and therefore has not alleged that MDK violated Section 1692e of the FDCPA.  For similar reasons, Curley has not alleged facts to indicate that MDK violated Section 1692f of the FDCPA.

Finally, Curley's claims against MDK are barred by judicial estoppel and the Ohio doctrine of res judicata.  On August 3, 2016, Curley entered into a consent judgment with MDK's client in the state foreclosure action, the same action that is the basis for her claims against MDK in this action.  In the consent judgment, Curley admitted that the allegations in the state foreclosure claim are true.  As a result, she is judicially estopped from claiming in this action that the same allegations are false in this action.  For similar reasons, Curley's claims against MDK are barred under Ohio's doctrine of res judicata because Curley's admissions resulted in a final judgment binding her and MDK's client.

Accordingly, Curley has failed to state a claim upon which relief can be granted, and her claims against MDK should be dismissed.

A memorandum in support is attached and incorporated herein.

Respectfully submitted,

/s/ Matthew J. Richardson
Matthew J. Richardson (0077157)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone:  614-222-4921
Fax:  614-220-5613
Email:  mjr2@manleydeas.com
Attorney for Defendant Manley Deas
Kochalski LLC

## <u>MEMORANDUM IN SUPPORT</u>

**Facts**

In May 2016, Plaintiff Jon Edda Curley ("Curley") filed her original complaint against defendant Manley Deas Kochalski LLC ("MDK") in the Franklin County, Ohio Court of Common Pleas, and MDK subsequently removed it to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  (ECF No. 1.)  MDK then moved to dismiss Curley's complaint under Rule 12(b)(6), and Curley amended her complaint as a matter of right.  (ECF Nos. 10 & 12.)  Subsequently, MDK filed a motion to dismiss Curley's amended complaint, and over MDK's opposition, Curley amended her complaint a second time.  (ECF Nos. 13, 16, 19, 23, & 24.)

In general, Curley alleged in her second amended complaint (the "SAC") that MDK was a law firm debt collector who had filed two foreclosure actions against Curley in the Franklin County Court of Common Pleas on behalf of its client, Wells Fargo Bank, N.A. ("Wells Fargo").  (SAC, ¶¶ 17 (Case No. 13CV007333, hereinafter, "the first foreclosure") & 23 (Case No. 15CV003904, hereinafter, "the second foreclosure").)  In the first foreclosure, Curley alleged that she had obtained summary judgment against Wells Fargo on grounds that Wells Fargo had failed to satisfy certain pre-foreclosure regulations promulgated by the federal Department of Housing and Urban Development ("HUD") for mortgage loans insured by the Federal Housing Administration ("FHA").  (Id., ¶ 19 & Dec. and Entr. Denying Wells Fargo Mot. Sum. J. & Dec. & Entr. Granting Curley Cross-Mot. Summ. J. (hereinafter, the "Summary Judgment Entry"),

Exhibit 5, PageID #61-69 & 258-266.)[1]   These pre-foreclosure regulations require that mortgagees of FHA loans provide notice to mortgagors when their mortgage loans are in default and to "have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid."  24 C.F.R. §§ 203.602 & 203.604. (*See* ECF No. 14, at Exhibit 5, attached thereto, PageID #259-260.)

Curley further alleged that MDK had filed the second foreclosure on behalf of Wells Fargo alleging that Wells Fargo had satisfied conditions precedent but when Wells Fargo had not complied with such conditions precedent.  (SAC, ¶¶ 20-23.)  At the same time, Curley alleged that the second foreclosure "is currently pending before [the Franklin County Court of Common Pleas], awaiting decision on cross motions for Summary Judgment, although the parties have agreed to a settlement in principle."  (Id., ¶ 24.)

In reality, however, Curley had entered into a consent judgment with Wells Fargo in the second foreclosure on August 3, 2016.  (Consent Finding and Decree in Foreclosure (In Rem) (hereinafter "Consent Judgment"), attached hereto as Exhibit 1.)  In her Consent Judgment with Wells Fargo, Curley agreed with the court's finding

> that the allegations contained in the Complaint are true and that there is due and owing to [Wells Fargo], upon the subject Note the principal balance of $72,741.29, with interest at the rate of 6,.000 percent per annum from February 1, 2013, together with advances for taxes, insurance and other expenditures, plus costs."

(Id., at ¶ 3, unpaginated.)

Nevertheless, Curley alleges in this action that Manley Deas "violated the FDCPA . . . by

---

[1]     While exhibits are referred to in Curley's SAC, they are not actually attached to her SAC.  Nevertheless, Curley's exhibits are attached to the two prior versions of her SAC, at ECF Nos. 2 (original complaint) and 14 (amended complaint).  MDK requests that this Court take judicial notice of the documents labeled as exhibits in the SAC, consistent with *William Powell Co. v. Nat'l Indem. Co.*, 141 F. Supp. 3d 773, 2015 U.S. Dist. LEXIS 132762,

filing" the second foreclosure, "claiming that 'conditions precedent' had been met, and that the entire amount of the note was due and owing." (SAC, ¶ 26.) Specifically, Curley alleged that MDK had violated two provisions of the FDCPA when it filed the foreclosure complaint in the second foreclosure on behalf of Wells Fargo, including Section 1692e, prohibiting a debt collector from making false or misleading representations; and Section 1692f, prohibiting a debt collector from engaging in unfair practices. (Id., ¶ 26.)

However, Curley did not allege that she was obligated to repay the relevant mortgage loan. Nor did Curley allege that MDK or Wells Fargo had ever claimed that she was obligated to repay the mortgage loan. Instead, Curley alleged that her mother, non-party Mary Richardson ("Richardson"), was obligated on the relevant mortgage loan, having executed the relevant promissory note and mortgage on March 16, 2006 without Curley's involvement. (Id., ¶¶ 9-10 & Exhibits 1 (Note), PageID #243-244 & 2 (Mortgage), PageID #245-252.)

According to the SAC, Curley's involvement with the relevant mortgage loan did not occur until at least August 27, 2012 when Richardson recorded an affidavit under which the mortgaged property would transfer to Curley upon Richardson's death. (Id., ¶ 14, at Exhibit 3, PageID #253-254.) Richardson died on October 17, 2012, and Curley subsequently recorded an affidavit confirming that she was the surviving beneficiary under Richardson's transfer on death affidavit. (Id., ¶ 15 Exhibit 4, PageID #255-257.)

Curley did not make any allegations that she had assumed Richardson's mortgage loan and did not attach any documents to that effect. Nor did Curley allege that she had kept the mortgage loan current. Instead, she alleged that the mortgaged property was in foreclosure by July 3, 2013. (Id., ¶ 17.)

In the first foreclosure, Curley succeeded in persuading the Franklin County Court of

at * 12 n.2 (S.D. Ohio 2015)

-5-

Common Pleas that she was a "mortgagor" for purposes of the HUD-FHA regulations, even though Curley did not sign the mortgage.  (Id., Summary Judgment Entry.)  Because the state court found that Curley was a "mortgagor," it held that Curley was entitled to the benefit of the pre-foreclosure notice requirements contained in the HUD-FHA regulations.  (Id.)  Furthermore, because the state court found that Wells Fargo had not satisfied these requirements, it denied Wells Fargo's summary judgment motion and granted Curley's.  (Id.)

In the second action, Wells Fargo again alleged that it had satisfied conditions precedent, but made a different argument during the summary judgment proceedings that it had satisfied the relevant pre-foreclosure notice requirements.  (Wells Fargo Op. Br. Mot. Summ J., attached hereto as Exhibit 2, at 10.)  Wells Fargo argued that it had conducted a face-to-face interview with Curley during foreclosure mediation conducted in conjunction with the first action.  (Id.)  While Curley initially disagreed with Wells Fargo's arguments in this respect, the state trial court held, with Curley's agreement, that "the allegations contained in the [second foreclosure] Complaint are true."  (SAC, ¶ 24; Consent Judgment, attached hereto as Exhibit 1, ¶ 3, unpaginated.)

## Law and Argument

### I.  Legal Standards.

#### a.  Standard for relief under Rule 12(b)(6).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint will survive a motion to dismiss if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Handy-Clay v. City of Memphis, Tennessee*, 695 F.3d 531, 538 (6th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). However, the complaint must thus "contain either direct or inferential allegations respecting ***all material elements*** to sustain a recovery under some viable legal theory." *Id.* (quoting *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (emphasis supplied)).

To determine whether the complaint contains a plausible basis for relief, all factual allegations are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Id.* However, legal conclusions are not entitled to be accepted as true, nor are "unwarranted factual inferences." *Id.* (citing *Twombly*, 550 U.S. at 555; *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

As such, a motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Doe v. Univ. of Cincinnati*, No. 1:15-CV-681, 2016 U.S. Dist. LEXIS 37924, at *22 (S.D. Ohio March 23, 2016) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)) (additional citation omitted). Nevertheless, the district court is permitted to take judicial notice of public documents not attached to the complaint, among other exceptions, without converting the motion to dismiss into a motion for summary judgment. *William Powell Co. v. Nat'l Indem. Co.*, 141 F. Supp. 3d 773, 2015 U.S. Dist. LEXIS 132762, at * 12 n.2 (S.D. Ohio 2015) (citing *New Eng. Health Care Emples. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)).

### b. Standard for relief for claims under the FDCPA.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Regarding abusive debt collection activity, Congress stated that

> [c]ollection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.

*Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 398 (6th Cir. 1998) (quoting Sen. Rep. No. 382, 95th Cong., 1st Sess. 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696).

While attorney debt collectors were initially exempt from FDCPA liability, Congress repealed the exemption in 1986, and a subsequent circuit split arose as to whether the litigation activities of attorney debt collectors fell within the FDCPA.  *Penn v. Cumberland*, 883 F. Supp. 2d 581, 587 (E.D. Va. 2012) (citations omitted).  The U.S. Supreme Court resolved the split by holding that the FDCPA applies to the litigation activities of attorney debt collectors.  *Id.* (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)).  However, while the Court did not expressly define what activities could subject attorney debt collectors to FDCPA liability, the Court nevertheless has made it clear that the FDCPA "should not be assumed to compel absurd results when applied to debt collecting attorneys."  *Id.* (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S.Ct. 1605, 1622 (2010)).

The mere filing of a debt collection lawsuit does not subject an attorney debt collector to liability under the FDCPA.  *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007) (citing *Deere v. Javitch, Block & Rathbone*, 413 F. Supp. 2d 886, 890-891 (S.D. Ohio 2006)).  Nor does the FDCPA impose a duty on an attorney debt collector to investigate the validity of a creditor's claim before it files a civil action against the consumer.  *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992); *Clark v. Capital Credit*

*& Collection Services, Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006) (stating that FDCPA does not impose upon a debt collector any duty to independently investigate the claims of a creditor); *Hyman v. Tate*, 362 F.3d 965, 967 (7th Cir. 2004) (stating that debt collector is not required to independently verify that accountholders referred for collections are not in bankruptcy).  Instead, attorney debt collectors violate the FDCPA when taking egregious action, such as filing a debt collection lawsuit knowing that the plaintiff cannot prove it owns the debt, or attaching a false affidavit to a pleading.  *Williams*, 480 F. Supp. 2d at 1022; *Delawder v. Platinum Financial Services Corp.*, 443 F. Supp. 2d 942, 947 (S.D. Ohio 2005).

To state a claim for relief under the FDCPA, the plaintiff must allege sufficient facts to support the following material elements:  (i) the plaintiff is a "consumer" under the FDCPA; (ii) the "debt" arises out of a transaction for "primarily . . . personal, family or household purposes"; (iii) the defendant is a "debt collector" under the FDCPA; and (iv) the defendant violated the FDCPA's prohibitions against specific forms of "debt collection communication and/or activity." *Wallace v. Wash. Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012); *Estep v. Manley Deas Kochalski, LLC*, 942 F. Supp. 2d 758, 767 (S.D. Ohio 2013); *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d  914, 926 (N.D. Ohio 2009),

Section 1692e of the FDCPA prohibits a debt collector from making "false, deceptive or misleading representation[s] or means in connection with the collection of any debt" and provides a non-exhaustive list of conduct that constitutes a violation of Section 1692e.  Among the possible violations are the "false representation of . . . the character, amount, or legal status of any debt," and false representations that the debt is "vouched for, bonded by, or affiliated with the United States or any State."  15 U.S.C. § 1692(e)(1)-(2).  Section 1692e further prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not

intended to be taken" and "us[ing] . . . any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Id. § 1692e(5) & (10).

The "least sophisticated consumer" standard applies to determine "[w]hether a debt collector's actions or communications are false, deceptive, or misleading." *Wallace v. Manley Deas Kochalski LLC*, No. 3:13-CV-00031-H, 2013 WL 3338687, 2013 U.S. Dist. LEXIS 92956, at *3 (W.D. Ky. July 2, 2013) (quoting *Wallace v. Wash. Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012).) The "least sophisticated consumer" standard is designed to protect consumers "gullible as well as . . . shrewd." *Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed.Appx. 24, 28 (6th Cir. 2007) (citation and internal quotations omitted). In this respect, "[t]he standard serves a dual purpose," by "ensur[ing] the protection of all consumers . . . against deceptive debt collection practices, and . . . protect[ing] debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Id*. (citation and internal quotations omitted).

At the same time, before any liability can attach to the debt collector under Section 1692e, any statement by the debt collector must be *materially* false or misleading. *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d at 326-327 (citing *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-597 (6th Cir. 2009) (applying Section 1692e claim that was based on alleged misstatements in legal pleadings)). A materially false or misleading statement must be both "technically false" and a statement that "would tend to mislead or confuse the reasonable unsophisticated consumer." *Id*.

Other federal jurisdictions have further glossed this materiality requirement such that, for a false statement to violate Section 1692e of the FDCPA, "it must affect a consumer's ability to make intelligent decisions with respect to the alleged debt." *Penn v. Cumberland*, 883 F.Supp.2d

581, 589 (E.D. Va. 2012) (citing *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-1034 (9th Cir. 2010)). Whether any representation is true or correct, immaterial representations do not trigger liability "because the purpose of the FDCPA is to ensure consumers are able to make intelligent decisions." *Id.* (quoting *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-758 (7th Cir. 2009)).

Finally, Section 1692f of the FDCPA bars a debt collector from engaging in "unfair or unconscionable" means to collect a debt. Again, Section 1692f provides a list of nonexclusive debt collector behavior that violates Section 1692f, such as collecting amounts not authorized by the debt agreement, soliciting post-dated checks from consumers, and communicating with consumers via post card regarding a debt. 15 U.S.C. § 1692f(1), (3) & (8).

Section 1692f operates as a "backstop function to catch those practices that did not fall under the other sections," such as sections 1692d and 1692e. *McNamee v. Nationstar Mtge., LLC*, No. 14-1948, 2015 U.S. Dist. LEXIS 118442, *11-12 (S.D. Ohio September 4, 2015) (granting Rule 12(b)(6) motion to dismiss Section 1692f claim when claim was duplicative of Section 1692e claim) (citing *Edwards v. McCormick*, 136 F.Supp. 2d 795, 806 (S.D. Ohio 2001) (internal quotations and additional citations omitted)); *see also Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1023 (S.D. Ohio 2007). This Court has determined that "a plaintiff cannot bring a cause of action under § 1692f when the factual allegations fit more narrowly into another subsection of the FDCPA, and a plaintiff does in fact bring a duplicative claim under another subsection using the same set of facts." *McNamee*, 2015 U.S. Dist. LEXIS 118442, at *12.

**II. Curley has not alleged facts to indicate that she is a "consumer" in relation to a "debt" that falls within the FDCPA.**

Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay

money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. . . ."  15 U.S.C. § 1692a(5).  A "consumer" is "any natural person *obligated or allegedly obligated* to pay any debt."  15 U.S.C. § 1692a(3) (emphasis supplied).

In her complaint, Curley merely alleges that she "is a natural person residing in Columbus, Franklin County Ohio."  (SAC, ¶ 2.)  She does not allege, even in conclusory form, that she is "obligated or allegedly obligated to pay any debt," and alleges no facts in support.  Instead, Curley alleges that Richardson signed the relevant note and mortgage, not she.  (Id., ¶¶ 9-10.)  Nor does Curley allege any facts to indicate that she assumed the mortgage loan upon Richardson's death or that MDK had ever alleged that she was obligated to pay it.  In fact, Curley alleges the opposite, specifically that MDK challenged her claim in the first foreclosure that Curley was a "mortgagor" for purposes of the HUD-FHA regulations.  (Id., ¶ 19 & Exhibit 5.)

As to the "debt" element of her FDCPA claims, Curley does allege that Richardson "purchased the property for use as a personal residence" and used the mortgaged property "only for personal, family, or household purposes."  (Id., ¶ 13.)  Curley also alleges that she herself "lives in, and uses the property as her personal residence" and "has only used the property for personal, family and household services [sic]."  (Id., ¶ 16.)  However, Curley alleges no facts to indicate that she used the loan proceeds for such purposes.

For these reasons, this Court should dismiss Curley's complaint against MDK.  Curley has not alleged facts to satisfy one of the four elements necessary for her to state a claim against MDK.  Correspondingly, this Court has granted a debt collector's Rule 12(b)(6) motion to dismiss a plaintiff's complaint under the FDCPA when the plaintiff fails to allege facts to indicate the plaintiff is a "consumer[] in relation to the debt which is the subject of the

foreclosure action." *Estep v. Manley Deas Kochalski LLC*, 942 F. Supp. 2d 758, 767 (S.D. Ohio 2013), *aff'd*, 2014 U.S. App. LEXIS 1052 (6th Cir. 2014).

In *Estep*, the plaintiffs had alleged that "they reside at the premises" encumbered by a mortgage loan. *Id.* Nevertheless, "they ha[d] not alleged that they incurred the debt to purchase the property primarily for personal, family, or household purposes, as opposed to some other purpose, such as for a business investment." *Id.* This Court also held in *Estep* that the plaintiffs' conclusory allegation that they were "consumers" in the abstract was insufficient as a matter of law for them to satisfy the "consumer" element of their FDCPA claims. *Id.*

In this action, Curley's allegations miss the mark even more than the plaintiffs' allegations did in *Estep*. Curley expressly alleges that it was Richardson who borrowed the funds, and not she. Nor does Curley allege any facts to indicate that MDK ever claimed that she was obligated to repay the mortgage funds. Further, as in *Estep*, Curley merely alleges that she is a "natural person" and that she resides in the property, but without ever alleging that it was her use of the loan proceeds for personal, family, or household purposes as opposed to Richardson's. (SAC, ¶¶ 2, 9-10, 13.) As such, this Court should dismiss Curley's complaint because she does not allege facts to satisfy the "consumer" element of an FDCPA claim.

### III. Curley has not alleged that MDK violated any prohibition in the FDCPA.

Even if Curley has alleged facts to satisfy the "consumer" element of her FDCPA claims—which she has not, as set forth *supra*—she has not alleged sufficient facts to indicate that MDK violated the FDCPA in any way. Curley has not alleged facts to indicate that MDK made any materially false, deceptive, or misleading representation to her under Rule 1692e.

As an initial matter, Curley's claim under Section 1692f should be dismissed for failure to state a claim. Curley's claim under Section 1692f should be dismissed because it is duplicative

of Curley's claim under Section 1692e, the latter of which bars a debt collector from making materially false, deceptive, or misleading representations. *McNamee v. Nationstar Mtge., LLC*, No. 14-1948, 2015 U.S. Dist. LEXIS 118442, *11-12 (S.D. Ohio September 4, 2015) (granting Rule 12(b)(6) motion to dismiss Section 1692f claim when claim was duplicative of Section 1692e claim). Curley's complaint is properly made under Section 1692e because the factual basis for her claims is that MDK filed the complaint in the second action "claiming that 'conditions precedent' had been met" when Curley argues that they had not been met. (SAC, ¶ 23 & 26.) In other words, MDK allegedly made a false, deceptive, or misleading representation in connection with the collection of a debt.

However, Curley has not stated a claim under Section 1692e either. When MDK alleged on behalf of Wells Fargo that Wells Fargo had satisfied conditions precedent to the second foreclosure, it had a reasonable basis for doing so, consistent with its argument that Wells Fargo had satisfied the HUD-FHA pre-foreclosure regulations based on facts that had occurred since the first action was terminated. (Wells Fargo Op. Br. Mot. Summ J., attached hereto as Exhibit 2, at 10.) As such, Curley's allegations against MDK merely indicate that "MDK did no more than make colorable arguments on Wells Fargo's behalf," which does not constitute a materially false, deceptive, or misleading representation. *Christopher Burd v. Manley Deas Kochalski PLLC*, No. 2:13-cv-00593, ECF No. 22, PageID # 300 (S.D. Ohio March 31, 2014) (Watson, J.), attached hereto as Exhibit 3.

In *Burd*, this Court granted MDK's motion to dismiss a complaint filed by a mortgage loan borrower who had claimed that MDK had violated Section 1692e. *Id.*, PageID # 300-301. The borrower alleged that MDK violated Section 1692e when it alleged in a foreclosure complaint that conditions precedent were satisfied, but when the state trial court later decided

otherwise at summary judgment. *Id.*, PageID # 293-294. As here, *Burd* involved whether MDK's representation that its client had satisfied conditions precedent to foreclosure qualified as a materially false, deceptive, or misleading statement, when the state trial court determined that MDK's client had not satisfied HUD-FHA pre-foreclosure requirements. *Id.*

This Court determined that MDK did not make a materially false, deceptive, or misleading representation in the foreclosure action because MDK's arguments in the foreclosure action that its client had satisfied the HUD-FHA pre-foreclosure regulations "turned on the debatable legal interpretation of a regulation by HUD." *Id.*, PageID # 300. On this basis, this Court found that it was "farfetched to say that MDK's arguments were technically let alone patently false." *Id.* Nor did this Court find that the borrowers had alleged any facts to indicate that they were deceived by MDK's representations on this issue. *Id.* Ultimately, this Court found that "to hold that the arguments MDK made were materially false would potentially lead to liability for false statements under § 1692e any time a mortgagee loses on a debatable question of law in a state foreclosure lawsuit." *Id.*, PageID # 301.

The same reasoning applies here. In the second action, MDK has done "no more than make colorable arguments on Wells Fargo's behalf" that "turn[]on the debatable legal interpretation of a regulation by HUD." *Id.*, PageID # 300. This remains true despite that the representation of which Curley complains was one that MDK made in a second foreclosure complaint after MDK's client had lost at summary judgment in the first foreclosure on the conditions precedent issue. In this respect, MDK relied on different facts in the second foreclosure to argue that Wells Fargo had satisfied conditions precedent. (Wells Fargo Op. Br. Mot. Summ J., attached hereto as Exhibit 2, at 10.) As in *Burd*, Curley has not alleged any facts to indicate that she was deceived by MDK's representation that its client had satisfied conditions

precedent to foreclosure.  Instead, quite the opposite was true as Curley has defended the section action on the same legal basis as she did in the first.

In the end, denying MDK's motion to dismiss and permitting Curley to proceed to the discovery phase of this litigation would impermissibly compel absurd results for debt collection attorneys.  *See Penn*, 883 F. Supp. 2d at 587 (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S.Ct. 1605, 1622 (2010)).  Further, it "would potentially lead to liability for false statements under § 1692e any time a mortgagee loses on a debatable question of law in a state foreclosure lawsuit."  *Burd*, *supra*, at PageID # 301, attached hereto as Exhibit 3; *see also Fox v. Manley, Deas, & Kochalski*, No. 16 C 5715, 2016 U.S. Dist. LEXIS 145231, at *25 (N.D. Ill. October 19, 2016) (stating that foreclosure notices filed by law firm did not mislead consumer and that "the FDCPA does not require [law firm] to adopt the borrower's view of the law" to avoid liability).

By now, however, Curley has consented to a judgment entry in the second foreclosure which affirmatively states that the allegations in the complaint are true, both in general and as to the amount prayed for in the second foreclosure complaint.  (Consent Judgment, attached hereto as Exhibit 1.)  As a result, Curley cannot now argue that MDK's representations in the second foreclosure about which Curley complains were even technically false let alone misleading to the least sophisticated consumer.

Accordingly, Curley has not alleged facts to indicate that MDK made a materially false, deceptive, or misleading representation, and her SAC should be dismissed under Rule 12(b)(6).

### IV. Curley's claims against MDK are barred by judicial estoppel.

The judicial estoppel doctrine exists "to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship."  *Thomas v. P&G*

*Distrib. LLC*, No. 1:11-cv-796, 2012 U.S. Dist. LEXIS 134433, at *6 (S.D. Ohio September 9, 2012) (granting 12(b)(6) motion against plaintiff who did not disclose claim during bankruptcy proceeding) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)).  The doctrine "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Felix v. Dow Chem. Co.*, No. 2:07-cv-971, 2008 U.S. Dist. LEXIS 8946, at *7 (S.D. Ohio January 23, 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)).

Three factors apply to determine whether judicial estoppel applies: (i) "the party's later position must be clearly inconsistent with the party's earlier position"; (ii) "whether the party has succeeded in persuading a court to accept that party's earlier position"; and (iii) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.*, at *8 (citation omitted).

The first two factors prevent a party from "asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where . . . the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Id.* (citing *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)).  Furthermore, the party to be estopped need not have succeeded on the merits of the action, but it is simply enough that the trial court adopted the position of that party.  *Id.*, at *8-*9 (citing *Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988)).

Since Curley agreed in the second foreclosure that "the allegations contained in the [second foreclosure] Complaint are true," Curley is indisputably taking a contrary position when she claims in her SAC that MDK made a false, deceptive, or misleading representation in the second foreclosure complaint when it alleged that all conditions precedent are satisfied.

(Consent Judgment, attached hereto as Exhibit 1.)  The second foreclosure complaint cannot be both true and false.  Also, the position Curley took in the second foreclosure resulted in a final disposition, specifically by the Consent Judgment into which Curley entered by her own agreement.

Furthermore, it would be unfair to MDK to permit Curley to maintain the claims in her SAC when the very basis for her claims is something she expressly disclaimed, resolving her dispute with MDK's client.  Finally, permitting Curley to maintain the claims in her SAC against MDK would undermine trust and confidence in this federal district court. The integrity of this Court would be compromised if parties could compound the benefits of a settlement with a law firm's client on the basis of representing that "X" is true in state court with those benefits of representing that "X" is false in federal court as a basis for claims against the same client's law firm.

Accordingly, this Court should dismiss Curley's claims against MDK under Rule 12(b)(6).

### V.  Curley's claims are barred by Ohio's doctrine of res judicata.

Among other things, Ohio's doctrine of res judicata prevents a party from litigating claims could have been asserted in another action between the same parties or their privies that resulted in a final judgment.  *See Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, No. 15-3563, 2016 U.S. App. LEXIS 15144, at *16 (6th Cir. August 15, 2016) (applying Ohio claim preclusion doctrine to claims made by borrower in foreclosure action in subsequent suit against law firm representing plaintiff in foreclosure action).  Under Ohio law, claim preclusion applies when four elements are satisfied: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a

second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action."  *Id.*, at *16 (quoting *Doe ex re. Doe v. Jackson Local Schs. Sch. Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011)) (further citations omitted).

Regarding the first element, the Consent Judgment into which Curley entered in the second foreclosure action is a "final, valid decision on the merits" by the Franklin County, Ohio Court of Common Pleas.  *Id.*, a *17 (stating that Ohio judgment and decree in foreclosure was a final decision on the merits) (citations omitted). (Consent Judgment, attached hereto as Exhibit 1.)  The second element, that the subsequent lawsuit involve the parties or their privies, is also satisfied.  The Sixth Circuit has held that law firms are in privity with their clients when the law firms are sued in a subsequent lawsuit involving their clients from prior lawsuits and the same parties that their clients sued in the prior actions.  *Id.*, at *18-*19 (stating that law firm was in privity with client it represented in state foreclosure action against borrower-plaintiff for purposes of claim preclusion).

As to the third element, Curley's claims in this action could have been litigated in the first action.  Curley's claims against MDK in this action were compulsory counterclaims under Ohio Civ.R. 13(A) in the second foreclosure because asserting them would have "avoided a wasteful multiplicity of litigation on claims which arise from a single transaction or occurrence." *Id.*, at *19 (citing *Smith v. Bank of Am.*, 7th Dist. Mahoning No. 11-MA-169, 2013-Ohio-4321, ¶ 36) (further citation omitted)).

A claim is barred in subsequent litigation if it (i) existed "at the time the pleading is served" and (ii) arose "out of the transaction or occurrence that is the subject matter of the opposing claim."  *Id.*, at *19-*20.  There is no question that Curley's claims existed when she

was served with Wells Fargo's complaint in the second foreclosure. Indeed, it was allegations in this pleading to indicate that Wells Fargo had satisfied conditions precedent that triggered Curley's claims in this action. Additionally, the claim arose out of the same transaction or occurrence as that of the claims Wells Fargo asserted in the second foreclosure. The Sixth Circuit has held that "claims that are logically related to the mortgage and foreclosure are compulsory counterclaims" that are estopped by a judgment in the foreclosure action. *Id*., at *20. As a result, Curley could have asserted a counterclaim against MDK in the second foreclosure to preserve her claim against MDK. Finally, the fourth element of claim preclusion under Ohio law, that the second action arose of the same transaction or occurrence as that in the prior litigation, is also satisfied for these same reasons. *See id.*, at *23.

As a result, the Consent Judgment into which Curley entered in the second foreclosure action necessarily had the effect of barring her claims against MDK in this action. For this reason, this Court should dismiss Curley's claims against MDK under Rule 12(b)(6).

**Conclusion**

For the foregoing reasons, this Court should dismiss Curley's amended complaint against MDK. Despite that she has amended her complaint twice, Curley has not alleged facts to indicate that she is a consumer in relation to a debt that falls within the FDCPA, and Curley has not alleged facts to indicate that MDK violated the FDCPA in any fashion. Finally, by virtue of the Consent Judgment into which she entered in the second foreclosure, Curley's claims are barred by the doctrines of judicial estoppel and res judicata.

Respectfully submitted,


/s/ Matthew J. Richardson
Matthew J. Richardson (0077157)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
mjr2@manleydeas.com
Telephone: 614.220.5611
Facsimile: 614.917.1795
Attorney for Defendant Manley Deas
Kochalski LLC




**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 8, 2016, a copy of the foregoing

Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the

Court's electronic filing system to all parties indicated on the electronic filing receipt.


/s/ Matthew J. Richardson
Matthew J. Richardson (0077157)